THE PEOPLE, FOR USE OF RITCHIE & DYER CO.

v.

SETH SCOTT ET AL.

*Principal and Surety—Action on Official Bond of Justice—Whether
Act Complained of Was Official—Acknowledgment and Certificate by
Justice of His Own Mortgage.*

A justice of the peace attempted to acknowledge and certify a mort-
gage given by himself to one of his creditors, and the creditor lost his
debt; an action was brought by the creditor on the bond of the justice;
this court holds, that the proximate cause of the invalidity of the mort-
gage and the loss of the debt, was the failure of the justice in his indi-
vidual capacity to properly acknowledge the mortgage before another
justice, and the bond having been given on the condition that the jus-
tice would well and truly perform his official acts, no breach was
shown.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Peoria County; the
Hon. T. M. SHAW, Judge, presiding.

Mr. JUDSON STARR, for appellants.

Mr. GEORGE B. FOSTER, for appellees.

MR. JUSTICE CARTWRIGHT. This suit was brought for
the use of Ritchie & Dyer Co., a corporation, against Seth
Scott, and the sureties on his official bond, as justice of the
peace of the town of Hollis, in Peoria county. There was
service of summons on Seth Scott and on John Haller, one
of the sureties, but not on the other two sureties. Scott
and Haller appeared and demurred to the declaration, and
their demurrer being sustained, plaintiffs abided by the dec-
laration, and judgment was rendered against Ritchie &
Dyer Co. for costs. The declaration alleged that Scott was
a justice of the peace and executed the bond, with sureties,
as such; that on March 26, 1884, being individually liable to

Ritchie & Dyer Co. on two notes of $375 each, and owner of certain machinery, he made a chattel mortgage on said property to secure said notes, and as justice of the peace of said town wherein he resided, wrongfully made and indorsed a certificate upon said chattel mortgage, and entered the same on his docket, wherein he certified that said mortgage was duly acknowledged before him by said Seth Scott, the mortgagor, and entered by him; that he delivered said mortgage to Ritchie & Dyer Co. and it was recorded and was good and valid but for his misconduct; that the property was ample to pay the debt, but that it was lost through levies of executions because of such misconduct, of which Ritchie & Dyer Co. had no notice until after such levies, and that Scott was insolvent. The bond was for the security and benefit of all persons who might be injured or aggrieved by the official acts or misconduct of Scott as a justice of the peace. Its condition was that he should well and truly perform every act and duty enjoined upon him by the laws of this State, to the best of his skill and ability. In the transaction stated in the declaration Scott dealt with the Ritchie & Dyer Co. as an individual, in the making of the chattel mortgage as security for his debt. The charge against Scott as justice is, that the official act performed was invalid. It was ineffectual in law for the reason only that he had such an interest in the matter that he could not act officially. The effect of the act was the same as though the mortgage had been delivered without any acknowledgment. There was no false statement in the certificate which misled or caused damage, and it was merely a nullity. It is apparent that the damage alleged did not result from the act complained of, but from the failure to do another act not in an official capacity. The proximate cause of the damage was the failure to acknowledge the mortgage before some other justice. This failure was not the neglect of Scott as justice of the peace, but as an individual. As the damage alleged did not flow from the official act as the proximate cause, the action of the court was right in sustaining the demurrer.

The judgment will be affirmed.     *Judgment affirmed.*